FILED

**NOT FOR PUBLICATION**

DEC 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ESTHER LEONG; et al.,

        Plaintiffs - Appellants,

  v.

SQUARE ENIX OF AMERICA
HOLDINGS, INC., a Delaware
corporation and SQUARE ENIX, INC., a
Washington corporation,

        Defendants - Appellees.

No. 10-55776

D.C. No. 2:09-cv-04484-PSG-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 8, 2011
Pasadena, California

Before: NOONAN, GOULD, and IKUTA, Circuit Judges.

    Esther Leong and others ("Purchasers") who purchased and used the online

game *Final Fantasy XI Online* appeal the district court's order dismissing their

action against the game's publishers, Square Enix of America Holdings, Inc. and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Square Enix, Inc. ("Square Enix"). Reviewing the district court's order de novo, *see Ileto v. Glock Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003), we conclude that Purchasers' claims are without merit.

Purchasers contend that they bought *Final Fantasy XI Online* without first being notified that failure to pay the monthly subscription fee for more than three consecutive months would result in the forfeiture of a user's online game account and game characters. However, Purchasers do not sufficiently establish that they relied upon the nondisclosure of the forfeiture clause in making their initial purchasing decision. Thus, the alleged harm in purchasing the game and being unable to return it for a refund is not traceable to Square Enix's conduct at the point of sale. Accordingly, the district court properly dismissed for lack of standing the Purchasers' False Advertising Law, Consumer Legal Remedies Act, and Unfair Competition Law claims based on the purchase of the game. Additionally, Purchasers' allegations are insufficient to show that they forfeited any property or money; the game's user agreement, which each user must accept prior to playing the game, states that users do not own the game software or data. *See* ER 42 ¶ 4.1 (stating that Square Enix "owns and shall retain all right, title and interest in and to the PlayOnline Service, the Software and all Documentation, and will be the sole

2

owner of any and all data you generate through your use of the PlayOnline Service.").

Purchasers also fail to state a claim as to their causes of action under California's Unfair Competition Law, Cal. Civ. Code § 1671, unjust enrichment, the Consumer Legal Remedies Act, and for "illegal penalties," which are all based on Square Enix's enforcement of the forfeiture clause.

**AFFIRMED**.